STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of Third Millennium,   }    Docket No. 195-9-02 Vtec
Inc. and Richard and Rita Rizza}
                      }
                      }
                      }

## Decision and Order

Appellant-Applicants Third Millennium, Inc. and Richard and Rita Rizza appealed from a decision of the then-Planning Commission of the City of Montpelier, denying their application to amend the site plan for the Inn at Montpelier to modify the dumpster enclosure and orientation.

Appellant-Applicants are represented by Barbara G. Ripley, Esq. and Interested Person Thelma L. Oakes appeared and represented herself. The City was represented by Joseph S. McLean, Esq., but did not take an active role in the proceedings and does not oppose the location of the dumpster in its proposed position. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit alone, by agreement of the parties. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellant-Applicants obtained approval of a site plan for various improvements to the Inn at Montpelier, including the closure of Baird Street as a through street. Baird Street, so-called, is not a city street and now functions solely as the driveway for the Inn. An element of the approved site plan was to place the dumpster facing the Inn building known as 2-4 Baird Street, that is, facing Baird Street, but enclosed on the back and both sides by fencing. The approved dumpster location was adjacent to a parking lot that can be seen from the back windows of the apartment building located on the corner of St. Paul and Baird Streets and known as 7 Baird Street, but was screened from view by the side fence of the dumpster (the back fence of the parking lot). Interested Person Thelma L. Oakes lives in an apartment in that building overlooking the parking lot in question.

The trash from the Inn′s operations is removed once a week, on the present schedule on Monday mornings. During the week, it accumulates in a covered dumpster located outdoors on the property. If more accumulates than the dumpster can accommodate, it is stored indoors where the recyclable materials are stored, and is brought out to the dumpster shortly before the scheduled pickup time.

The approved dumpster location was in an awkward location for the 35-foot-long garbage truck to turn at right angles to Baird Street in order to back straight up to it to correctly engage the trunnions (knobs extending on the sides of the dumpster allowing it to pivot) to enable the truck to lift the dumpster and empty it into the truck. Appellant-Applicants preferred instead to place

the dumpster close to its approved location, but turned 90 degrees facing away from Main Street (and towards the windows of Ms. Oakes' building), essentially in the back of the last parking space next to Baird Street in that lot. That position allows the garbage truck to pull ahead of the space, to back up at a slight angle to it to engage and empty the dumpster, to pull ahead again, and to back into the parking lot sufficient to drive out frontwards along Baird Street to Main Street. For this reason, the new location is an improvement to the site plan and should be approved on the basis of its improvements to on-site circulation. However, we must also examine the screening criterion for a site plan amendment.

Appellant-Applicants propose to fence the dumpster on its rear side and its Baird Street side (right side facing the dumpster), but request that it not be fenced on the other side or fully enclosed, due to the difficulty of clearing snow from the dumpster location and the difficulty of allowing enough room on the sides for the truck to maneuver to engage the trunnions for lifting the dumpster. However, as may be seen from Ms. Oakes' photograph of the dumpster from her window, if the dumpster were approved in the new location, but the fence segment now on the Baird Street side of the dumpster were moved to be placed on the left side of the dumpster, extending outwards from the next upright fencepost, it would be of a height to effectively block most of the dumpster from visibility from Ms. Oakes' and others' windows on that side of the 7 Baird Street building.

Of course, Appellant-Applicants are entitled also to screen the dumpster from view from the front windows of the residents at 2-4 Baird Street. However, due to Appellant-Applicants' concerns about accessibility to the dumpster, and ability to deal with the snow in the winter, they may at their election install a hinged or removable fence segment on that side, and may choose to cut it shorter at the bottom to allow for ease of movement in the snow, or to mount it on dock hardware or other suitable hardware to allow that segment to be removed and stored elsewhere in the winter months.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the dumpster is approved to remain in the proposed location and orientation, and may be enclosed on the rear and only one adjacent side, but as discussed above the fixed panel of fencing now on the end shall be placed on the other side of the dumpster. Appellant-Applicants may if they wish place an additional hinged and/or removable fencing panel, or a fixed fencing panel, on the end to screen the dumpster from the view from 2-4 Baird Street. The dumpster top shall be kept closed (except as provided below regarding the two-hour period prior to the scheduled time for the dumpster to be emptied). Any excess trash that accumulates over the course of a week shall be kept out of sight in a garage or storage shed except that it may be placed on or in the open dumpster within the two-hour period before the scheduled time for the dumpster to be emptied.

Dated at Barre, Vermont, this 12th day of May, 2003.


_____
Merideth Wright
Environmental Judge

**Footnotes**